UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GENERAL DIVISION
CASE NO. 12-24180 CIV- KING
MAGISTRATE JUDGE :

MARIA BARQUIN; NATASHA WATSON; JESSICA OLIVER; LUCIANA LOCOBARA ; JASMINE TELSIE; and NATALIA PENA-MONSIEVHAN

Plaintiffs

vs.

MONTY'S SUNSET, LLC..

Defendant

**DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. SEC. 1927**

Defendant Monty's Sunset, LLC., by and through undersigned counsel hereby moves this honorable court for the award of sanctions against Plaintiff's Counsel pursuant to 28 U.S.C. Sec. 1927, and in support thereof states:

1. 28 U.S.C. SEC. 1927 provides "... any attorney … admitted to conduct cases in any court of the United States … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

2. Counsel for Plaintiff has filed **THREE** cases attempting to represent the same Plaintiffs against this same Defendant alleging the same retaliation claims.

3. On March 28, 2012, Plaintiffs' Counsel served Defendant with case #12-2582 CC05 filed in the County Court in and for Dade County Florida (hereinafter "BARQUIN 1"). The Plaintiffs, the Defendant and the retaliation claims alleged in that case are the identical to those in the instant action.

4. On April 12, 2012, Defendant removed BARQUIN 1 to this Court. By doing so Defendant incurred the cost of the $350.00 filing fee, and the attorney's fee of filing the removal papers.

5. After removal BARQUIN 1 became case #12-21377 CIV. Moore. By Order dated July 23, 2012, Judge Moore dismissed BARQUIN 1for failure to comply with his Order requiring the filing of a Joint Scheduling Report.

6. Subsequent to the dismissal of BARQUIN 1, on September 12, 2012, Counsel for Plaintiffs served Defendant with case # 12-19107 CC05 filed in the County Court in and for Dade County Florida (hereinafter “BARQUIN 2”). The Plaintiffs, the Defendant and the retaliation claims alleged in BARQUIN 2 are the identical to those in BARQUIN 1 and the instant action.

7. On September 27, 2012, Defendant removed BARQUIN 2 to this Court. By doing so Defendant incurred the cost of the $350.00 filing fee, and the attorney's fee of filing the removal papers.

8. After removal BARQUIN 2 became case #12-23520 CIV. DLG. By Order dated October 26, 2012, Judge Graham dismissed BARQUIN 2 for failure to comply with his Order requiring the filing of a Joint Scheduling Report.

9. Subsequent to the dismissal of BARQUIN 2, on November 2, 2012, Counsel for Plaintiffs served Defendant with case # 12-23271 CC05 filed in the County Court in and for Dade County Florida (hereinafter “BARQUIN 3”). The Plaintiffs, the Defendant and the claims alleged in BARQUIN 3 are the identical to those in BARQUIN 1, BARQUIN 2, and the instant action.

10. On November 22, 2012, Defendant removed BARQUIN 3 to this Court. By doing so Defendant incurred the cost of the $350.00 filing fee, and the attorney's fee of filing the removal papers.

11. After removal BARQUIN 3 became case #12-24180 CIV. JLK.

12. The actions of Plaintiff's Counsel has unreasonably and vexatiously multiplied the subject litigation and accordingly must be sanctioned.

**WHEREFORE** Plaintiff respectfully requests that this Motion For Sanctions Pursuant to 28 U.S.C. Sec. 1927 be GRANTED and that Counsel for Plaintiff's be sanction for its unreasonable and vexatious multiplying of this litigation.

## MEMORANDUM OF LAW

The instant action is the **THIRD** instance where the same Plaintiffs have sued the same Defendant for the same retaliation claims. In each instance Plaintiffs filed the same action in State Court thus necessitating Defendant to incur the cost and expense of removing such action in that Plaintiff purports to state precisely the same retaliation claim under the Fair Labor Standards Act in each case. See, 29 U.S.C Sec. 201 et. seq..

The actions of Plaintiff's Counsel in filing the same claim against Defendant in BARQUIN 1, BARQUIN 2, and BARQUIN 3, has unquestionably resulted in a multiplication of the litigation. Defendant has been required to pay THREE filing fees, incur the expense of filing THREE notices of removal, and has had to file THREE answers to Plaintiffs' claims.

The aforedescribed multiplication of this litigation was caused by Plaintiffs' Counsel failing to satisfy its obligations under Local Rule 16.1(b)(4) (counsel for plaintiff "... shall be responsible for giving notice of the requirements of this subsection to each defendant or counsel for each defendant as soon as possible after each defendant's first appearance.") as well as its disregard of various orders requiring the filing of a joint scheduling report.

It is the objective conduct of Plaintiffs' Counsel in refiling the same action THREE times due to its violation of its obligations under the local rules and in disregarding numerous court orders that has resulted in the multiplication of this litigation. *See,* Amlong & Amlong v. Denny's, Inc., 457 F. 3d 1180, 1190 (11th Cir. 1986). There is simply

no reason Plaintiffs' Counsel failed to either comply with its obligations or upon learning of its failure elected not to cure such violation. Rather than seeking to comply with the orders of dismissal in BARQUIN 1 and BARQUIN 2 or moving to set aside the dismissal and preparing a joint scheduling report, Plaintiffs' Counsel ignored such orders and after the passage of time filed the same action again, BARQUIN 2, and yet again, BARQUIN 3.

The continued filing and refiling of the same action when such was completely unnecessary is both multiplicative and in bad faith. The only reasonable course of conduct for Plaintiffs' Counsel would have been to move to set aside the dismissal in BARQUIN 1, notify Defendant's Counsel of the necessity to file a joint scheduling report and to cause same to be filed. Although less reasonable, Plaintiffs' Counsel could have similarly sought to set aside the dismissal of BARQUIN 2, thus avoiding the burdening of this Court with BARQUIN 3.

It is one thing for Defendant to be subjected to the claims of plaintiffs, it is quite another for Defendant to be subjected to the seemingly endless filing of the same claim. The subject claim has previously been before Judges Moore and Graham of this court without resolution of a single issue. Judges Moore and Graham expended their valuable time and resources on this case with nothing to show for it other than its dismissal. Now this Court must again begin that process anew.

The sanctions sought herein is three filing fees ($1050.00) and twelve and one-half hours of attorney time for meeting with clients, filing the notices of removal in federal and state court, and the research, drafting and filing of this Motion (14.5 x $350 = $5,075).

**<u>CONCLUSION</u>**

For the reasons set forth herein Plaintiffs' Counsel must be sanctioned for the filing of the same action THREE times. BARQUIN 1, BARQUIN 2, and BARQUIN 3, are

the same cases, with the same Plaintiffs, the same Defendant, and the same underlying claim. Plaintiffs' Counsel must be found to have unreasonably multiplied the litigation by its actions.

Defendant has been required to expend THREE federal court filing fees and the legal fees and costs associated with the multiplication of the litigation. It is plaintiffs' Counsel, not Defendant, that must be subject to these unnecessary costs and expenses. The sanctions sought herein is $6,125.

**DATED THIS** 17th day of January, 2013.

Respectfully submitted,

**LAW OFFICES OF DONALD J. JARET, P.A.**
*Counsel for Plaintiff*
2790 La Bella Ct..
Henderson, Nv. 89052
Tel: (305) 740-3383
Fax: (305) 390-8728

BY: s/ DONALD JARET
Donald J. Jaret, Esq.
Florida Bar No. 296163

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 17, 2013, I electronically filed the foregoing document with the Clerk using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

S/ Donald Jaret
DONALD J. JARET

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GENERAL DIVISION
CASE NO. 12-24180 CIV- KING
MAGISTRATE JUDGE :

MARIA BARQUIN; NATASHA WATSON;
JESSICA OLIVER; LUCIANA LOCOBARA ;
JASMINE TELSIE; and NATALIA PENA-
MONSIEVHAN

Plaintiffs
vs.

MONTY'S SUNSET, LLC..

Defendant

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. SEC. 1927**

**THIS CAUSE** came before the Court upon Defendant's Motion For Sanctions Pursuant to 28 U.S.C. Sec. 1927. The Court having carefully reviewed the merits of said Motion and after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion For Sanctions Pursuant to 28 U.S.C. Sec. 1927 is hereby GRANTED.

2. Counsel for Plaintiffs has engaged in conduct violative of 29 U.S.C. Sec. 1927 by refiling this action THREE times as a result of its failure to comply with the rules of this Court and Orders of the Judges of this Court. Specifically, Counsel for Plaintiffs acted unreasonably and in bad faith by failing to remedy the dismissal of this action in the first instance. Had counsel acted reasonably and done so there would have been no reason to subject this Court and Defendant with the multiplicity of litigation.

3. Sanctions are hereby awarded in the amount of $__________, to be paid to

Defendant's Counsel by Plaintiffs' Counsel within five days of the date of this Order.

**DONE AND ORDERED** in Chambers, in Miami, Dade County, Florida this _____ day of January, 2013.

______________________________________
UNITED STATES DISTRICT COURT JUDGE